*RICHARD M. JESSUP, RESPONDENT, v. JAMES          [331]
          L. KING et al. APPELLANTS.

AMENDMENT, PRESUMPTIOUS.—A refusal to allow an amendment is presumed to be
     right, unless the character of the proposed amendment is shown in the records.
PLEADING, DISCHARGE MUST BE SPECIALLY PLEADED.—Evidence of the discharge
     of the debt sued on, by transactions subsequent to the filing of the answer, is
     admissible only under the plea of payment puis darrein continuance.

APPEAL from the Superior Court of the City of San
Francisco.

The plaintiff sued on a bill of exchange for $3,000, drawn
by the defendants on the plaintiff, and accepted for their
accommodation, and paid by him at maturity.

The defendants filed a general denial of the allegations of
the complaint.

Afterwards the defendants moved the Court for leave to
file an amended answer, setting up a defense growing out of
a set-off, arising since his first answer was filed. The motion
was refused.

At the trial the defendants offered to prove that on the
day the bill of exchange was drawn the defendants pro-
cured a conveyance from one Flannery to plaintiff, of a lot
in San Francisco, for which defendants had paid Flannery
$3,000; in consideration of which, Flannery conveyed the
lot to plaintiff; and that since the filing of defendants'
answer, the plaintiff had sold the lot for $5,000, and had
executed a conveyance to his vendee.

This evidence was excluded, and defendants excepted;
and judgment being rendered against them, they appealed.

Mr. J. HEYDENFELDT delivered the opinion of the Court.
Mr. Ch. J. MURRAY concurred.

There is nothing in the record which shows the character
of the proposed amendment to the answer, and we are

[332]    therefore * unable to say that the Court erred in refusing the application to amend; the presumption is the other way.

The evidence, which is excluded, would have been proper under a plea of payment *puis darrein continuance,* but without such plea, it was irrelevant to the issue, and therefore, inadmissible.

Judgment **affirmed.**